**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| | * | |
| **JEFFREY WALTER REICHERT,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **Civil No. SAG-26-00188** |
| | * | |
| **SARAH HORNBECK, *et al.*,** | * | |
| | * | |
| **Defendants.** | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

<u>**MEMORANDUM OPINION**</u>

Plaintiff Jeffrey Walter Reichert ("Plaintiff"), who was self-represented when he filed his complaint but is now represented by counsel, filed this action in state court against the mother of his child, Sarah Hornbeck, an Assistant State's Attorney for Baltimore County, Michelle Demma Fuller, the State of Maryland, the District Court of Maryland for Baltimore County, and unnamed "Baltimore County District Court Commissioners" and "Judicial Officers of the District and Circuit Courts assigned to Plaintiff's Protective-Order Proceedings."[1] ECF 2. Defendant Fuller removed the case to this Court. ECF 1. Two motions to dismiss are presently pending: (1) Fuller's Motion to Dismiss, ECF 5, to which Plaintiff filed a belated opposition, ECF 10, and Fuller filed a reply, ECF 11; and (2) Hornbeck's Motion to Dismiss, ECF 9, which was not timely opposed. This Court has reviewed both motions and the related filings and has determined that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons that follow, both motions will be granted and Plaintiff's Complaint will be dismissed for failure to state a claim.

---

[1] The docket does not reflect service of process on any defendant and there is no evidence that the State, District Court, or unnamed commissioners and judges have been served. But because the below analysis would also govern Plaintiff's claims against the unserved Defendants, the Complaint will be dismissed in its entirety.

## I.    FACTUAL BACKGROUND

The following facts relevant to this motion are derived from the Complaint, ECF 2, and are assumed to be true for the purposes of adjudicating this motion. Plaintiff and Defendant Hornbeck share a son, G.R. ECF 2 ¶ 2. In 2019, a state court issued a Final Consent Order awarding primary custody to Plaintiff and affording Hornbeck limited supervised contact. *Id.* In the intervening years, Plaintiff and Hornbeck have continued litigating against one another, to include a custody case in Anne Arundel County and a number of protective order petitions and criminal complaints. *See generally* ECF 2.

For example, in 2020, in Anne Arundel County, Hornbeck filed "a series of false protective-order petitions and criminal allegations against Plaintiff," resulting in Plaintiff's arrest and detention. *Id.* ¶¶ 31–33. All charges were eventually dismissed.[2] *Id.* ¶ 35. In February, 2022, a court in Anne Arundel County granted Hornbeck sole legal and physical custody and ordered that the child have no contact with Plaintiff for 90 days. *Id.* ¶ 42. At some point, however, Plaintiff moved to Virginia and alleges that G.R. "has not been permitted to travel to Virginia to see his father" since February 2, 2022. *Id.* ¶ 45.

In September and October, 2025, Hornbeck filed protective order petitions in Baltimore County to "prevent Plaintiff from attending his son's football games and to induce the child's school to isolate him from his father." *Id.* ¶ 9. In fact, Plaintiff attempted to attend an away football game, but school coaches or staff dragged his son away from him although he had not been served with a protective order. *Id.* ¶ 52. When Plaintiff has attempted to file complaints and petitions in Baltimore County against Hornbeck, commissioners and judges have refused to accept them. *Id.*

---

[2] Plaintiff has a separate lawsuit against Hornbeck for malicious prosecution arising out of the criminal charges she filed against him in 2020. *See Reichert v. Hornbeck*, Civ. No. JMC-24-cv-01865.

¶¶ 10, 59–61, 62–64. In January, 2024, Plaintiff initiated criminal charges against Hornbeck, but Assistant State's Attorney Fuller "dropped the charges without meaningful explanation, while previously pursuing baseless charges against Plaintiff." *Id.* ¶ 66.

Plaintiff also has not been served with protective orders and has been unable to ascertain whether any are currently in effect. *Id.* ¶¶ 56–57. In this action, he seeks various declaratory judgments pursuant to the Maryland Declaratory Judgments Act, and injunctive relief restraining state courts and commissioners (in addition to unspecified "schools and third parties") from taking various acts. ECF 2.

## II.    LEGAL STANDARDS

Defendants seek dismissal pursuant to Rule 12(b)(6). That standard presumes the facts alleged by a plaintiff to be true, then assesses whether the complaint still fails as a matter of law "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015). But if a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, a complaint must allege "a plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Plausibility requires the plaintiff to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

Although Plaintiff is a licensed attorney, because he was self-represented when drafting his complaint, it must be "liberally construed" and "held to less stringent standards than [those

3

filed] by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, Civ. No. DKC-10-3517, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim."), *aff'd*, 526 F. App'x 255 (4th Cir. 2013).

Moreover, a federal court may not act as an advocate for a self-represented litigant. *See Brock v. Carroll*, 107 F.3d 241, 242–43 (4th Cir. 1997) (Luttig, J., concurring in judgment); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Therefore, the court cannot "conjure up questions never squarely presented," or fashion claims for a self-represented plaintiff. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *see also M.D. v. Sch. Bd. of Richmond*, 560 F. App'x 199, 203 n.4 (4th Cir. 2014) (rejecting self-represented plaintiff's argument that district court erred in failing to consider an Equal Protection claim, because plaintiff failed to allege it in the complaint).

## III.    ANALYSIS

### A.  Fuller's Rule 12(b)(6) motion

Plaintiff's complaint makes a single allegation against Fuller, reiterated twice. Plaintiff alleges, "In 2024, [Fuller] dropped charges against Defendant Hornbeck despite detailed evidence, while the State aggressively pursued baseless charges against Plaintiff." ECF 2 ¶ 22. And he further alleges, "In January 2024, charges were initiated against Defendant Hornbeck based on Plaintiff's detailed complaints, but the Baltimore County State's Attorney's Office, through ASA Michelle Demma Fuller, dropped the charges without meaningful explanation, while previously pursuing

4

baseless charges against Plaintiff." *Id.* ¶ 66. No other facts involving Fuller are alleged, and it is unclear from these facts whether Fuller played any personal role in the previous charges against Plaintiff (which, as Plaintiff specifically alleges, were also ultimately dismissed). *Id.* ¶ 35.

On those facts, Plaintiff has not plausibly alleged that Fuller engaged in any discriminatory or unconstitutional conduct. He alleges no facts suggesting that Fuller was aware of his alleged disabilities. And the mere fact that a prosecutor may decide to dismiss some charges (brought by a man) and pursue others (brought by a woman) is not alone sufficient to state a viable claim for gender discrimination or an equal protection violation. Prosecutors have an obligation to dismiss charges they believe are unsubstantiated or cannot be proven to the requisite legal standard. In his conclusory assertions, Plaintiff fails to allege any specific details about the two sets of claims reflecting that they were precisely equivalent in nature or suggesting any direct or indirect evidence of discrimination or unfair treatment in Fuller's exercise of prosecutorial discretion. The claims against Fuller must therefore be dismissed.[3]

### B. Hornbeck's Motion to Dismiss

Plaintiff asserts a variety of claims against Hornbeck, each of which lacks merit. First, he asserts a claim for abuse of process arising out of the protective orders Hornbeck initiated in 2025 (Count II).[4] To state a claim for abuse of civil process, a plaintiff must establish that "an arrest of the person or a seizure of property of the plaintiff" ensued. *One Thousand Fleet Ltd. P'ship v. Guerriero*, 346 Md. 29, 45 (1997). Here, Plaintiff has not even alleged that he knows conclusively

---

[3] This Court has not addressed Fuller's arguments about prosecutorial immunity because the Complaint appears to request only prospective relief. But Plaintiff also cites no authority suggesting that this Court could place this type of prior restraint on Fuller's future exercise of her prosecutorial function.

[4] To the extent that Count II also mentions conduct occurring in 2020, those claims are time-barred.

that any protective order ever issued, and he has not asserted that he was subjected to any seizure of property or arrest. He simply asserts that his attendance at his son's games was disrupted and that his son was removed from football practice. ECF 2 ¶ 81. The claim must therefore be dismissed.

Second, he asserts a claim for malicious use of civil process (Count III). Plaintiff has not even specified which uses of process he is challenging, sufficient to give Hornbeck fair notice of his claims. *See* ECF 2 ¶ 86 (referring to the fact that Hornbeck "has repeatedly instituted protective-order and related civil proceedings without probable cause and with malice"). And some of the types of "special injury" he alleges, including "violent arrests" and "jail," appear to be related to the 2020 criminal proceedings, which are addressed in a different lawsuit and cannot in any event provide the basis of a claim for malicious use of *civil* process. *Id.* ¶ 89. Accordingly, that claim too is subject to dismissal.

Third, to the extent that Plaintiff pursues claims for declaratory or injunctive relief against Hornbeck, those claims are deficient. Plaintiff cites the Maryland Declaratory Judgments Act as the basis for his Count I claim. But that statute, Maryland Code, Cts. & Jud. Proc. § 3-403, cannot be employed to mount a collateral attack on another court's ruling or order. Maryland courts have long recognized that "the acts of a competent tribunal cannot be reviewed collaterally. They are to be taken as a just and proper exercise of power in all other courts." *Kent Island, LLC v. DiNapoli*, 430 Md. 348, 364 (2013) (quoting *Clark v. S. Can Co.*, 116 Md. 85, 93 (1911)).

Most of the declaratory and injunctive relief Plaintiff seeks either challenges the viability or enforceability of existing court orders or asks this Court to issue advisory opinions on how Defendants must act in the future. This Court sees no legal basis for it to prospectively dictate how state courts or commissioners must assess any future filings by Hornbeck or Plaintiff. And to the

extent that Plaintiff believes that any existing protective orders may have been improperly issued or served, his recourse is to appeal those orders through the state court system in which they were issued, not to bring a separate lawsuit. Issues of comity simply preclude this Court from dictating what state courts and commissioners can and cannot do with respect to future filings by particular litigants. Although Plaintiff's allegation that he was "denied forms" when attempting to initiate proceedings, *see* ECF 2 ¶ 86, suggests that that conduct could potentially be characterized as clerical, rather than judicial, Plaintiff has failed to allege sufficient facts about that conduct for this Court to determine whether it would have the authority to review it. Accordingly, this Court will dismiss the Complaint against both Hornbeck and the unserved defendants, because Plaintiff has not plausibly stated a viable claim.

## IV.    CONCLUSION

For these reasons, the two motions to dismiss, ECF 5 and 9, will be granted and Plaintiff's complaint will be dismissed without prejudice. This case will be closed.

Dated: April 3, 2026                                     /s/
                                                Stephanie A. Gallagher
                                                United States District Judge